IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KATHLEEN REED                                                    PLAINTIFF

VS.                                CIVIL NO. 07-5025

MICHAEL J. ASTRUE, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                            DEFENDANT

**MEMORANDUM OPINION**

Kathleen Reed ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were protectively filed on March 15, 2004, alleging an inability to work since May 1, 2003, due to attention deficit hyperactivity disorder ("ADHD"), borderline personality disorder, depression, intermittent explosive disorder, polysubstance abuse, hand numbness, fatigue, and pain in the back and abdomen. (Tr. 105, 137-140). An administrative hearing was held on March 7, 2006. (Tr. 259-283). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was twenty-seven years old and possessed a high school education with training as a certified nurse aide ("CNA"). (Tr. 262-263). The record reveals that she had past relevant work ("PRW") experience as a CNA. (Tr. 262-263).

The Administrative Law Judge ("ALJ"), rendered a written opinion on June 26, 2006. (Tr. 13–23). The ALJ concluded that plaintiff's ADHD, borderline personality disorder, depression, polysubstance abuse, and intermittent explosive disorder were considered to be severe. However, he determined that plaintiff's polysubstance abuse was a material factor contributing to her disability, without which, her impairments did not meet or medically equal an impairment contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4. (Tr. 17-22). Absent plaintiff's problems with alcohol and drugs, the ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform all exertional levels of work limited by her moderate limitations with regard to maintaining attention and concentration for extended periods, ability to complete a normal workday and work week without interruptions from psychologically based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods. As such, he concluded that plaintiff could perform work where the interpersonal contact was routine but superficial, the complexity of the tasks was learned by experience with several variables, the judgment used was within limits, and the supervision required was little for routine and detailed for non-routine tasks. (Tr. 20). With the assistance of a vocational expert, the ALJ then determined that plaintiff could return to her PRW as a CNA, if she were to discontinue her alcohol and drug use. (Tr. 22).

On December 8, 2006, the Appeals Council declined to review this decision. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent

of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 8, 9).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

3

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.  *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

As the ALJ has correctly pointed out, an individual will not be considered to be disabled if alcoholism or drug addiction is a contributing factor material to the determination of disability.  *See* 42 U.S.C. § 423(d)(2)(C).  The key factor in determining if drug addiction or alcoholism is material is if the individual would not be found disabled if alcohol or drug use were to cease.  This depends on what mental or physical limitations would remain if the claimant stopped using drugs or alcohol

and whether the remaining limitations would be disabling. *See* 20 C.F.R. §§ 404.1535; *Jackson v. Apfel,* 162 F.3d 533, 537 (8th Cir. 1998); *Pettit v. Apfel*, 218 F.3d 901, 903 (8th Cir. 2000). The plaintiff has the initial burden of showing that alcoholism or drug addiction is not material to the finding of disability. *See Brown v. Apfel*, 192 F.3d 492, 497-98 (5th Cir.1999). However, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. *See Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002).

In the present case, the ALJ concluded that plaintiff was disabled, but that her polysubstance abuse was a contributing factor material to the determination of her disability, without which, she would no longer be disabled. The record, however, reveals that plaintiff was also suffering from ADHD and borderline personality disorder. There is no evidence in the record to indicate how plaintiff's polysubstance abuse affected her ADHD or borderline personality disorder. The ALJ did not even question plaintiff regarding this issue at the administrative hearing. Further, none of the non-examining, consultative doctors who provided RFC assessments provided information concerning plaintiff's functional ability absent her alleged drug and alcohol use. And, none of plaintiff's treating doctors were asked to complete an RFC assessment.

While we note that it is possible for plaintiff's mental impairments to be exacerbated by drug and alcohol abuse, we also know that ADHD and borderline personality disorder exist independent of drug and alcohol abuse and are not symptoms of substance abuse disorder. The same, however, is not necessarily true of the inverse. By definition, borderline personality disorder is "a pervasive pattern of instability of interpersonal relationships, self-image, and affects, and marked impulsivity

that begins by early adulthood and is present in a variety of contexts." *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 706-707 (4th ed. 2000). Individuals with this disorder tend to gamble, spend money irresponsibly, binge eat, abuse substances, engage in unsafe sex, and/or drive recklessly. *Id*. The medical records in this case reveal that plaintiff had a history of eating disorder, as well as polysubstance abuse. (Tr. 181, 202, 210). She had also experienced problems living on her own and handling her own money. (Tr. 182, 211). As this clearly raises a question concerning the role alcohol and drug use played in plaintiff's disability, we believe that the case should be remanded to the ALJ for further evaluation of plaintiff's mental impairments.

The ALJ also failed to properly develop the record with regard to plaintiff's physical complaints. *Snead v. Barnhart*, 360 F.3d 834, 838-39 (8th Cir. 2004) ("Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case" to discover "evidence [which] might . . . alter[] the outcome of the disability determination"). In December 2005, Dr. Anna Eremieva noted that plaintiff had recently been treated for chest pain. (Tr. 245). A chest x-ray had yielded results consistent with lymphadenopathy, which necessitated a biopsy. Although the biopsy results were not yet back, plaintiff was provisionally diagnosed with sarcoidosis. (Tr. 245). Sarcoidosis is a disease characterized by the presence of granulomas, small areas of inflamed cells, that can be either inside the body or on the body's exterior. *See* THE MERCK MANUAL 462-463 (18th ed. 2006). Signs and symptoms of sarcoidosis include dyspnea, cough, chest discomfort, fatigue, malaise, weakness, anorexia, weight loss, fever, and lymphadenopathy. *Id*. at 463. In spite of this, the ALJ failed to

elicit testimony at the administrative hearing concerning this provisional diagnosis and its impact on plaintiff's ability to perform work-related activities. He also failed to note this diagnosis in his opinion. Given the fact that plaintiff had complained of numbness in her hands, as well as pain in her abdomen and back, we believe that the ALJ should have developed the record further with regard to plaintiff's provisional diagnosis. Accordingly, on remand, he is directed to do so.

**Conclusion:**

Based on the foregoing, we reverse the ALJ's decision and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 1st day of November 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)